1  Deborah Tuck
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 760-840-1806
3

4  Plaintiff In Pro Se

5

6

7

8         IN THE UNITED STATED DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10  DEBORAH TUCK,                    ) Case No.  **16CV0917 JAH MDD**
                                     )
11           Plaintiff,              ) VERIFIED COMPLAINT FOR DAMAGES
                                     )
12  vs.                              ) VIOLATIONS OF (TCPA) 47 U.S.C. §227 *et. seq.*
                                     ) VIOLATIONS OF (FDCPA) 15 U.S.C. §1692 *et seq.*
13  MERRICK BANK CORPORATION,        ) VIOLATIONS OF (FCRA) 15 U.S.C. §1681 *et seq.*
    EQUIFAX INC.,                    ) VIOLATIONS OF (CCRAA) Civ Code §1785 *et seq.*
14  TRANS UNION LLC,                 ) VIOLATIONS OF (CRFDCPA) Civ. Code§1788 *et seq.*
    EXPERIAN INFORMATION             ) VIOLATIONS OF U.S.C. §1666 *et seq.*
15  SOLUTIONS INC.,                  )
    Does 1-25,                       )
16                                   ) DEMAND FOR DECLARATORY RELIEF
             Defendants.             ) DEMAND FOR JURY TRIAL
17                                   )

                    **COMPLAINT**
18       Plaintiff, DEBORAH TUCK, "In Pro Se" alleges the following against

19  MERRICK BANK CORPORATION, EQUIFAX INC., TRANS UNION LLC.,

20  EXPERIAN INFORMATION SOLUTIONS INC. and DOES 1-25 (defendant's):

21       I.   **PRELIMINARY STATEMENT**

22       **1.**   This is an action for damages and injunctive relief brought by the plaintiff

23  against the defendant's for numerous strict statutory violations of the Telephone Consumer

24  Practices Act (TCPA) 47 U.S.C. §227 *et seq.*, the Fair Debt Collection Practices Act

25  (FDCPA) 15 U.S.C. §1692 *et seq.*, the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681

26  *et seq.*, the California Consumer Credit Reporting Agency Act (CCRAA) Civ. Code §1785

27  *et seq.*, the California Rosenthal Fair Credit Reporting Act (CRFCRA) Civ. Code §1788

28  *et seq.*, and 15 U.S.C. §1666 *et seq.* [Correction of Billing Errors].

**2.** Plaintiff contends that the defendant's have violated such laws by repeatedly harassing the plaintiff in attempts to collect an alleged but nonexistent consumer credit line debt.

## II. JURISDICTION AND VENUE

**3.** Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3), 15 U.S.C.§1692(k)(d), supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§1367, and California Code of Civil Procedure §410.10. Defendant's conduct business in the state of California and therefore personal jurisdiction is established.

**4.** Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that the plaintiff resides here, the defendant transacts business here, and the conduct complained of occurred here.

**5.** This is an action for damages which exceed $50,000.00.

## III. PARTIES

**6.** Plaintiff , DEBORAH TUCK (hereinafter "TUCK") is a natural person and resident of the State of California, San Diego County.

**7.** Upon information and belief defendant MERRICK BANK CORPORATION (hereinafter "MBC") is a foreign corporation, authorized to do business in California, with a corporate headquarters located at South Jordan, Utah. Upon information and belief the registered CEO/Agent is Richard P. Lake.

**8.** Defendant MBC is an entity which collects consumer debts bringing it well within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code §1788 ("CFDCPA"), and also a consumer creditor which, among other activities, is a "*furnisher*"of negative consumer credit reports directly to all three (3) aforementioned National credit reporting agencies.

**9.** EQUIFAX INC., (hereinafter "EI") is a National consumer credit reporting agency (hereinafter "CRA") as defined by 15 U.S.C. §1681(f).

**10.** TRANS UNION LLC., (hereinafter "TU") is a National consumer credit reporting agency or ("CRA") as defined by 15 U.S.C. §1681(f).

**11.** EXPERIAN INFORMATION SOLUTION INC., (hereinafter "EIS") is a National credit reporting agency or ("CRA") as defined by 15 U.S.C. §1681(f).

**12.** All three of the aforementioned CRA's hereto, will be referred to as "*credit bureau defendants*" or "*credit agency defendants*" .

**13.** Defendants Does 1 thru 25, are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in consumer credit or reporting negative consumer credit lines to all three (3) National CRA's.

# IV.  FACTUAL ALLEGATIONS

**14.** On or about August of 2010, plaintiff TUCK obtained a credit card from defendant MBC. The card (account ending in 5194) was the only MBC account that plaintiff TUCK has ever had. The account was closed within a few months when defendant MBC refused to abide by the Fair Credit Billing Act in reversing illegitimate charges.

**15.** About the same time that the account was closed, defendant MBC began reporting false information about the account to all three (3) CRA's, and continued to do so all the way until today's date despite plaintiff TUCK's four (4) written disputes and requests for re-investigations about the account that were transmitted through the CRA's over the past two years.

**16.** Defendant MBC have repeatedly failed to conduct a proper investigation of plaintiff's disputes and repeatedly failed to inform the CRA's that the account is in dispute. They have also failed to verify or validate the allege debt to date.

**17.** At the time the account was closed, there was a disputed amount balance of less than $240. Since then defendant MBC, directly and through other entities including third party collection agencies, have been attempting to collect on what they now claim to be a balance of approximately $1435.

18.   Defendant MBC has never provided plaintiff TUCK with *any* accounting of the alleged debt nor *any* contract or other legal justification for attempting to collect it. In fact, defendant MBC has repeatedly informed plaintiff TUCK that it can find no record of plaintiff TUCK's account, only two (2) other accounts which it falsely claims belonged to plaintiff.

19.   On June 11, 2015, defendant MBC sent plaintiff TUCK a letter indicating that the alleged negative credit line debt had been charged off as of April 30, 2010, yet still continued to accrue interest of 25.9% per year, and still continues to do so to today's date. The letter stated that "This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose." and "This communication is from a debt collector."

20.   Plaintiff TUCK has no prior or present established relationship with defendant MBC.

21.   Plaintiff TUCK has no contractual obligation to defendants MBC and does 1-25 to pay them anything.

22.   Plaintiff TUCK *has never given* defendants MBC and does 1-25 *express written permission* to call plaintiff TUCK's cellular phone more than fifty (50) times, *many times more than once in the same business day,* between the dates of December 2012 and today's date.

23.   Defendants MBC and does 1-25 violated the TCPA by calling plaintiff TUCK's cell phone numbers (760) 840-1809, (760) 761-9722, (760) 840-1551, (760) 840-1806 from phone numbers (877) 394-5975 , (877) 487-5649, (801) 545-6600, (800) 599-2346, (800) 657-1377 more than fifty(50) times, *many of these fifty (50) harassing debt collection calls were made in the same business day,* [i.e. one day the defendant MBC called her cell phone seven (7) times in one business day] clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

24.   Plaintiff TUCK alleges that none of the more than fifty (50) harassing consumer debt collection calls placed by defendant MBC and does 1-25 between the

1 dates of December 2012 and today's date *were made for emergency purposes,*
2 clearly violating United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the United
3 States (TCPA) laws.

4     **25.** From December 2012 through today's date defendant MBC violated the
5 TCPA by leaving more than thirty (30) recorded messages using an automatic
6 telephone dialing system or artificial or prerecorded voices on plaintiff's cell phones
7 without prior express written permission.

8     **26.** From December 2012 through today's date defendant MBC asserted a
9 right which it lacks, to wit, the right to enforce or collect a debt.

10     **27.** On March 27, 2015, MBC illegally requested and received plaintiff
11 TUCK's consumer credit report, this illegal intrusion into plaintiff TUCK's
12 consumer credit file constitutes a willful and negligent violation of
13 15 U.S.C. §1681b which would also be a criminal offense [felony] punishable under
14 Title 18 U.S.C., the penalty being a fine and or two years imprisonment, and civil
15 liability exists under within 15 U.S.C. §1681n. This violation may also constitute a
16 tort claim for identity theft.

17     **28.** On April 27, 2015, Plaintiff TUCK sent defendants MBC and DOES
18 1-10 a Notice of Intention to Commence Action by Certified Mail Receipt
19 No # 7015 0640 0000 4511 4072 *which* to date defendants MBC and DOES 1-10
20 have fully ignored.

**V.  COUNT I**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT**
**(TCPA) 47 U.S.C. §227 *et seq.* AGAINST**
**DEFENDANTS MBC and DOES 1-25**

23     **29.** Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional
24 allegations and general factual allegations in paragraphs 1 thru 28 herein.

25     **30.** Defendant MBC has demonstrated willful and knowing non-compliance
26 with 47 U.S.C. §227(b)(1)(a) by using an automatic telephone dialing system to call
27 the plaintiff's personal cellular phone numbers which are assigned to the San Diego
28 cellular service provider T-Mobile and listed on the *National Do Not Call List.*

**31. 47 U.S.C. §227(b)(1)(A) states in part;**
(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT-
(1) PROHIBITIONS - It shall be unlawful for aany person within the United States, or any person outside the United States if the recipient is within the United States-
(A)To make any call(other than a call made for emergency purposes or made only with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

**32.**   Defendant MBC called the Plaintiff TUCK'S cell phone number no less than fifty (50) separate times using an automatic Voice and/or ATDS dialing system.

**33.**   Plaintiff TUCK has never given MBC *express written permission* to call the plaintiff's cell phone. There has never been any established business relationship between the two parties and plaintiff TUCK is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**34.**   Defendant MBC has committed more than fifty (50) separate violations of 47 U.S.C. §227(b)(1)(A) and plaintiff TUCK is entitled and to damages of $500 dollars for the first call and $1500 for each additional call/violation after the first call pursuant to 47 U.S.C.§227(b)(3)(B) as all of those calls were *intentional*.

**35.**   Plaintiff TUCK over the past several years has sent MBC [via certified] mail numerous written disputes and demands through all three CRA's, *[including a Notice to Commence Action]* which to date have gone totally ignored by MBC, **[Please see "EXHIBIT A" attached herein]**.

**36.**   Defendant MBC has continued to this day to report this negative credit line on all three (3) of her Nationally reported credit files, which has greatly impacted plaintiff TUCK's quality of life and ability to obtain credit loans, rental homes and more.

   **WHEREFORE,** Plaintiff TUCK demands judgement for damages against defendants MBC and DOES 1-10 inclusively, for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §227(b)(1)(A), together with such other and further relief as this court may deem reasonable and just under the circumstances.

# VI.  COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT(FDCPA)
### 15 U.S.C. §1692 *et seq.* AGAINST DEFENDANTS
#### MBC and DOES 1-25

**37.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 36 herein.

**38.**   Plaintiff is a consumer within the meaning of the (FDCPA) 15 U.S.C.*§1692a(3)*.

**39.**   Defendant Merrick Bank Corporation or MBC is a debt collector within the meaning of 15 U.S.C. *§1692a(6)*.

**40.**   Defendant MBC violated the FDCPA. Defendants violations include, but are not limited to, the following:

**a)**   Defendant MBC violated *§1692c(a)*(1) of the FDCPA by contacting plaintiff at a time and place known to be inconvenient.

**b)**   Defendant MBC violated U.S.C. *§1692d* of the FDCPA by engaging in conduct that the natural consequence of this is to harass, abuse, and oppress the plaintiff.

**c)**   Defendant MBC violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect an alleged debt.

**d)**   Defendant MBC violated *§1692d(5)* of the FDCPA when defendant caused plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass the plaintiff.

**e)**   Defendant MBC violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with the debt collection.

**f)**   Defendant MBC violated 15 U.S.C. *§1692e(2)* by falsely representing the character, amount, or legal status of any debt.

**g)**   Defendant MBC violated *§1692*e(4) of the FDCPA by misrepresenting that nonpayment of any debt will result in the arrest or imprisonment of any person.

**h)**   Defendant MBC violated *§1692e(5)* of the FDCPA threatening to take any action against plaintiff that cannot legally be taken or that is not intended to be taken.

1    **i)**   Defendant MBC violated 15 U.S.C. §1692e(8) by communicating or
2    threatening to communicate to any person credit information which is known or
3    which should be known to be false, including the failure to communicate that a
4    disputed debt was disputed.

5    **j)**   Defendant MBC violated 15 U.S.C.§1692e(10) by the use of any false
6    representation or deceptive means to collect or attempt to collect any debt or to
7    obtain information concerning a consumer.

8    **k)**   Defendant MBC violated 15 U.S.C.§1692e(11) by the failure to disclose
9    in the initial written communication with the consumer that the debt collector is
10   attempting to collect a debt and that any information obtained will be used for that
11   purpose, and the failure to disclose in subsequent communications that the
12   communication is from a debt collector.

13   **l)**   Defendant MBC violated 15 U.S.C.§1692f(1) by the collection of any
14   amount (including any interest, fee, charge, or expense incidental to the principal
15   obligation) unless such amount is expressly authorized by the agreement creating the
16   debt or permitted by law.

17   **m)**   Defendant MBC violated 15 U.S.C. §1692g by, within five (5) days after
18   the initial communication with plaintiff in connection with the collection of any debt,
19   failing to send plaintiff a written notice containing a statement that unless the consumer,
20   within thirty (30) days after receipt of the notice, disputes the validity of the debt, or
21   any portion thereof, the debt will be assumed to be valid by the debt collector; a
22   statement that if the consumer notifies the debt collector in writing the thirty (30)
23   day period that the debt, or any portion thereof, is disputed, the debt collector will
24   obtain verification of the debt or a copy of a judgement against the consumer and a
25   copy of such verification or judgement will be mailed to the consumer by the debt
26   collector; and a statement that, upon the consumers's written request within the
27   thirty (30) day period, the debt collector will provide the consumer with the name
28   and address of the original creditor, if different from the current creditor.

1    **WHEREFORE,**   Plaintiff, DEBORAH TUCK, respectfully requests

2   judgement be entered against defendant MERRICK BANK CORPORATION and

3   Does 1-25, for the following:

4        **41.**    Declaratory judgement that the defendant's conduct violated the Fair

5   Debt Collection Practices Act,

6        **42.**    Statutory damages of $1,000.00 pursuant to the Fair Debt Collection

7   Practices Act 15 U.S.C. *§1692k* .

8        **43.**    Costs and reasonable attorneys fees pursuant to the Fair Debt Collection

9   Practices Act *15 U.S.C. §1692k.*

10       **44.**    Any other relief that this Honorable Court deems appropriate.

11
## VII.   COUNT III
12   **VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),**
**15 U.S.C. §1681 *et seq.* WILLFUL OR NON-COMPLIANT**
13   **BY DEFENDANTS MBC, EI, TU, EIS, AND DOES 1-25**

14       **45.**    Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional

15   allegations and general factual allegations in paragraphs 1 thru 44 herein.

16       **46.**  Plaintiff TUCK is a consumer within the meaning of 15 U.S.C. §1681a(c).

17       **47.**  DEBT COLLECTOR MBC is a furnisher of information within the

18   meaning of FCRA 15 U.S.C. §1681s-2.

19       **48.**    Debt collector MBC willfully violated the FCRA. Defendant's violations

20   include, but are not limited to, the following:

21            (a) DEBT COLLECTOR MBC willfully violated 15 U.S.C. §1681b(f)

22   by obtaining plaintiff's consumer credit files without a permissible purpose as

23   defined by 15 U.S.C. §1681b.

24       WHEREFORE, plaintiff TUCK demands judgement for damages in the

25   amount of $1,000.00 against DEBT COLLECTOR MBC for actual or statutory

26   damages, and punitive damages, attorney's fees and costs, pursuant to

27   15 U.S.C. §1681n.

28

# XIII.   COUNT IV
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT Civil Code §1785 *et seq.*
## DEFENDANTS MBC, EI, TU, EIS AND DOES 1-25

**49.**    Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 48 herein.

**50.**    Within one years prior to the filing of the complaint in this action, defendant's , MBC, a Utah consumer credit card corporation, EQUIFAX (a "CRA") , TU, (a "CRA") EIS (a "CRA") and DOES 1-25, willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a.    By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff TUCK, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b.    By willfully and negligently furnishing to credit reporting agencies information about the plaintiff which defendant's , MBC, a Utah corporation, EQUIFAX (a "CRA") TU, (a "CRA") EIS (a "CRA") and DOES 1-25, knew, or should have known, was incomplete, inaccurate and/or unverifiable;

c.    By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in plaintiff TUCK's consumer credit file after conducting an investigation;

d.    By willfully and negligently failing to conduct an adequate investigation of plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to defendant's , MBC, a Utah corporation, EQUIFAX (a "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-25,

1         e.   By willfully and negligently failing to have proper procedures and

2  apparatus in place which would promptly and accurately delete or correct and

3  incorrect, incomplete or inaccurate credit reporting.

4     **51.**  Each of the defendant's , MBC, a Utah corporation, EQUIFAX

5  (a "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-25, ,willfully and

6  negligently failed in their obligations to reinvestigate and correct the derogatory

7  marks in plaintiff's consumer credit reports. Plaintiff TUCK hereby alleges that

8  each of the defendant's, MBC, a Utah corporation, EQUIFAX  (a "CRA") ,

9  TU, (a "CRA") EIS (a "CRA") and DOES 1-25, inclusive policies and

10  practices hinder and obstruct adequate and meaningful re-investigations, and that

11  each defendant knows of the effect's  of their conclusive  policies and practices.

12     **52.**  As a proximate result of the willful and negligent actions of the

13  defendant MBC a Utah corporation, EQUIFAX  (a "CRA") ,TU, (a "CRA")

14  EIS (a "CRA") and DOES 1-25, inclusively, and each of them, plaintiff TUCK

15  has suffered  both general and special damages in an amount which will be proven

16  at time of trial. As provided under the cited laws, plaintiff is entitled to actual

17  damages, loss of wages, damage to credit reputation for many years of pain and

18  suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and

19  statutory penalties for willful statutory violations of the California Consumer Credit

20  Reporting Agencies Act Civ Code §1785 *et seq.*

21     **WHEREFORE**, Plaintiff TUCK demands judgement for damages against

22  all said mentioned herein in the amount of $1.000.00, for actual, statutory, and

23  punitive damages, attorney's costs and fees pursuant to California Civil Code

24  §1785 *et seq.*, together with such other and further relief as the Court may deem

25  reasonable and just under the circumstances.

26  ///

27  ///

28  ///

# VIIII.   COUNT V
## VIOLATION OF CALIFORNIA ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.*
## BY DEFENDANTS MBC and Does 1-25

**53.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 52 herein.

**54.**   Plaintiff TUCK is a consumer within the meaning of 15 U.S.C. §1692 *et seq.*

**55.**   Defendant MBC is seeking to collect a consumer debt from Plaintiff TUCK as defined by California Civil Procedure §1788(f).

**56.**   The account in question is a consumer credit transaction as defined by California Civil Procedure §1788(e) as Plaintiff TUCK has allegedly received property, services or money from the defendant MBC or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

**57.**   Defendant MBC violated §1788.11(d) of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff TUCK'S personal cellular phone repeatedly and continuously so as to annoy Plaintiff TUCK.

**58.**   Defendant MBC violated §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff TUCK'S personal cellular phone with such frequency as to be unreasonable and to constitute a direct intentional barrage of harassment towards Plaintiff TUCK under the circumstances.

**59.**   Defendant MBC violated Section §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by continuously failing to comply with the statutory regulations contained with the (FDCPA) 15 U.S.C.§1692 *et seq.*

I.   Defendant MBC violated §1692d of the Fair Debt Collection Practices Act (FDCPA) by engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff TUCK.

ii.   Defendant MBC violated §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) by directly causing Plaintiff TUCK'S cellular telephone to ring repeatedly and continuously, <u>sometimes multiple times in the same day</u> with the intent to annoy, abuse, or harass Plaintiff TUCK.

1   **WHEREFORE,** Plaintiff TUCK demands judgement for damages against MBC for
2   actual, statutory, and attorney's fees and costs pursuant to §1788.30(b) and costs pursuant
3   to §1788(c).

## X.   COUNT VI
### AGAINST ALL THREE CRA'S
### FAILURE TO ESTABLISH PROPER PROCEDURES
### 15 U.S.C. §1681 *et seq.*
### DEFENDANTS EI, TU, EIS AND DOES 1-25

7   **60.**   Plaintiff TUCK re-alleges and restates all of the foregoing
8   jurisdictional allegations and general factual allegations in paragraphs 1 thru
9   59 herein.

10  **61.**   Defendant CRA's violated 15 U.S.C. §1681e(b) by failing to
11  establish or to follow reasonable procedures to assure maximum possible
12  accuracy in the preparation of the consumer credit report and consumer credit
13  files it published and maintains concerning plaintiff TUCK.

14  **62.**   As a result of this conduct, action and inaction of defendant's
15  CRA's, plaintiff TUCK suffered damages by loss of credit, denial of rental
16  of houses and commercial buildings, loss of ability to purchase and benefit
17  from credit, mental and emotional pain and anguish and the humiliation and
18  embarrassment of credit denials.

19  **63.**   Defendants CRA's conduct, action, and inaction was willful,
20  rendering it liable for punitive damages in the amount to be determined by the
21  court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent,
22  entitling plaintiff to recover under 15 U.S.C. §1681o.

23  **64.**   Plaintiff is entitled to recover attorneys fees from defendant
24  CRA's in an amount to be determined by the Court pursuant to 15 U.S.C.
25  §1681n and/or §1681o.

26  **WHEREFORE,** Plaintiff TUCK demands judgement for damages against
27  MBC for actual, statutory, and attorney's fees and costs pursuant to §1681n and/or
28  §1681o in the amount of $1,000.00.

# XI.   COUNT VII
## FAILURE TO CORRECT CONSUMER BILLING ERRORS
### IN A TIMELY MANNER
### 15 U.S.C. §1666 et. seq.
### AGAINST ALL DEFENDANTS MBC, EI, TU, EIS AND DOES 1-25

**65.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 64 herein.

**66.**   Defendant MBC and all three CRA's violated 15 U.S.C. §1666 by totally ignoring all four (4) of plaintiff TUCK's written certified demands for correction of all incorrect information placed there by the defendants.

**67.**   Defendant MBC and all three CRA's violated 15 U.S.C. §1666 by not providing any type of investigation or re-investigation of any type and negated to perform such required duties as defined in  15 U.S.C. §1666 within the statutory time frames set out in this federal statute.

**68.**   Defendant MBC and all three CRA's violated 15 U.S.C. §1666 by not providing plaintiff TUCK with any timely documentation or clarification to the contrary within the legal time frame laid out in this statute.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against MBC for actual, statutory and punitive damages pursuant to §1666 et seq., in the amount of $1,000.00 per month, per credit report [*inside the applicable timeframe] [i.e. a 12 month period of time of wrongful life-changing negative credit reporting on all three (3) CRA reports would be 12x$1000x3=$36,000.00 dollars accordingly*].

# XII.  PRAYER

I, DEBORAH TUCK, the Plaintiff In Pro Se, in the above-entitled case respectfully prays for judgment as follows:

1.  For actual, general and special damages according to the proof at trial;

2.  For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

3.  For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4.  For attorney's fees where authorized by statute or law;

5.  For costs and expenses of suit; and

6.  For such other relief as the court deems just and proper.

# XIII.  DEMAND FOR JURY TRIAL

**69.**   Plaintiff DEBORAH TUCK hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this _11th_ day of April 2016.

_(signature)_

DEBORAH TUCK, Plaintiff  In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1806

# XI. VERIFICATION
## DECLARATION OF PLAINTIFF DEBORAH TUCK

I, DEBORAH TUCK, declare as follows:

**70.**   I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**71.**   I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**72.**   I have been damaged *financially, socially* and *emotionally* since July 15, 2012 as a direct result of defendant's , MBC, a Utah corporation, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-25, inclusively, unlawful actions and conduct including more than fifty (50) calls to my cellular phones.

**73.**   I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**74.**   I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**75.**   Plaintiff TUCK demands judgement for damages against defendant's , MBC, a Utah corporation, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-25, inclusively,  , for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this _11_ <sup>th</sup> day of April 2016 By: _Deborah Tuck_

DEBORAH TUCK, Plaintiff In Pro Se

1 Deborah Tuck vs. Merrick Bank Corporation, et al,
2 United States District Court Case No.

3

4 ## <u>CERTIFICATE OF SERVICE</u>

5    I, Richard Caruso, the undersigned declare under the penalty of perjury that I

6 am over the age of eighteen years and not a party to this action;

7 that I served the above-named defendant's the following documents:

8

9    • **COMPLAINT FOR DAMAGES**

10    By placing copies of the above-described documents filed with this court in a separate

11 envelope, with postage fully pre-paid, for each address named below and deposited each in the

12 U.S. mail.

13    • MERRICK BANK CORPORATION
14      10705 S. Jordan Gtwy, Suite 200
       South Jordan, Utah, 84095

15    • EQUIFAX INC.,
16      1150 Lake Hearn Drive NE, Atlanta, GA 30343

17    • TRANS UNION LLC.,
       555 W. Adams Street Chicago, IL 60661

18    • EXPERIAN INFORMATION SOLUTIONS INC.,
19      475 Anton Blvd.,Costa Mesa, CA 92626

20
21 Executed on this _11_ day of April 2016, in San Diego county, U.S.A.

22

23    By _____Richard Caruso_____,
               RICHARD CARUSO
24

25

26

27

28